**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000103
29-NOV-2011
08:24 AM**

NO. CAAP-10-0000103

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GERVEN SORINO, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP NO. 09-1-0083 (CR NO. 00-1-1728))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Ginoza, JJ.)


Petitioner-Appellant Gerven Sorino (Sorino) appeals from the "Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Petition for Post-Conviction Relief (HRPP [(Hawai'i Rules of Penal Procedure)] Rule 40 [(2006)])" (HRPP Rule 40 Order) entered by the Circuit Court of the First Circuit (Circuit Court)[1] on September 21, 2010. In his HRPP Rule 40 petition, Sorino sought to vacate or set aside his convictions for being a felon in possession of a firearm and ammunition[2] because his predicate felony conviction for terroristic threatening was later overturned on appeal. In

---

[1] The Honorable Glenn J. Kim presided over the proceedings relevant to this appeal.

[2] Sorino was convicted in Cr. No. 00-1-1728 of being a felon in possession of a firearm and ammunition, in violation of Hawaii Revised Statutes (HRS) § 134-7(b) and (h) (Supp. 2004).

denying Sorino's request to vacate or set aside his felon-in-possession convictions, the Circuit Court concluded that the felon-in-possession offense is a status offense, and thus the subsequent invalidation of Sorino's predicate felony conviction did not affect the validity of his felon-in-possession convictions because he had the status of a convicted felon at the time he committed the felon-in-possession offenses.

On appeal, Sorino challenges the Circuit Court's determination that the felon-in-possession offense is a status offense and the consequences that flow from that determination. We affirm the Circuit Court's HRPP Rule 40 Order.

I.

On April 13, 1998, Sorino pleaded no contest to first-degree terroristic threatening in Cr. No. 98-0347. Sorino was sentenced to probation, and the Circuit Court entered its Judgment in Cr. No. 98-0347 on August 11, 1998.

On August 17, 2000, Sorino was charged by complaint in Cr. No. 00-1-1728 with various offenses, including being a felon in possession of a firearm (Count 15) and ammunition (Count 16) on or about August 7, 2000. Sorino was found guilty by a jury of the felon-in-possession charges and was sentenced to concurrent terms of ten years of incarceration, with a mandatory minimum term of two years and eight months as a repeat offender. Judgment in Cr. No. 00-1-1728 was entered on July 9, 2002. Sorino appealed his felon-in-possession convictions, and this court affirmed his convictions by Summary Disposition Order filed on March 3, 2005.

In the meantime, on July 9, 2002, Sorino's probation in Cr. No. 98-0347 was revoked and he was re-sentenced to five years of imprisonment on his terroristic threatening conviction. On September 19, 2002, the Immigration and Naturalization Service (INS) served Sorino with a notice that he was subject to deportation based on his terroristic threatening conviction in Cr. No. 98-0347. On April 8, 2003, Sorino filed a motion to withdraw his no contest plea in Cr. No. 98-0347. The Circuit

2

Court denied this motion and Sorino appealed. This court affirmed the Circuit Court's decision, and the Hawai'i Supreme Court granted Sorino's application for writ of certiorari.

The supreme court reversed this court and vacated the Circuit Court's order denying Sorino's motion to withdraw his no contest plea. The supreme court held that Sorino's no contest plea was invalid because the Circuit Court's advisement regarding the immigration consequences of Sorino's plea had been inadequate. State v. Sorino, 108 Hawai'i 162, 167-69, 118 P.3d 645, 649-52 (2005). The supreme court issued its decision concerning Sorino's no contest plea to the terroristic threatening charge in Cr. No. 98-0347 five months after this court had affirmed Sorino's felon-in-possession convictions in Cr. No. 00-1-1728. On remand in Cr. No. 98-0347, Sorino was not convicted of a felony. Instead, pursuant to a plea agreement, Sorino pleaded no contest to the reduced charge of disorderly conduct, a petty misdemeanor.

On November 17, 2009, Sorino filed the instant HRPP Rule 40 petition seeking to vacate or set aside his felon-in-possession convictions. Sorino's grounds for relief were all based on his claim that he could not be found guilty and sentenced for being a felon in possession of a firearm or ammunition because his predicate felony conviction for terroristic threatening had been invalidated after his felon-in-possession convictions were entered. The Circuit Court ruled that the felon-in-possession convictions and Sorino's ten-year sentences were valid because the felon-in-possession offense was a status offense, and therefore, Sorino's felon-in-possession convictions were not affected by the subsequent invalidation of Sorino's predicate felony conviction. Accordingly, the Circuit Court denied Sorino's request to vacate or set aside his felon-in-possession convictions.[3]

--------

[3] The Circuit Court concluded that while the invalidation of Sorino's predicate felony did not affect the validity of Sorino's felon-in-possession
(continued...)

II.

On appeal, Sorino essentially argues that because the supreme court held that his no contest plea to the predicate terroristic threatening felony was invalid, his convictions for being a felon in possession of a firearm and ammunition cannot stand. Sorino's argument is without merit.

As the Circuit Court properly concluded, the felon-in-possession offense of which Sorino was convicted is a status offense. In State v. Lobendahn, 71 Haw. 111, 112-13, 784 P.2d 872, 873 (1989), the Hawai'i Supreme Court held that the felon-in-possession statute created a status offense, and therefore the subsequent invalidation of the predicate felony conviction did not affect the validity of the felon-in-possession charge. In affirming Lobendahn's felon-in-possession conviction, the supreme court stated:

> Lobendahn's status was that of a convicted felon at the time he possessed the firearm and ammunition. Such possession was unlawful and the subsequent reversal of the [predicate felony] conviction does not then render such possession lawful.

Id. at 113, 784 P.2d at 873; see State v. Veikoso, 102 Hawai'i 219, 221 n.5, 74 P.3d 575, 577 n.5 (2003) ("In Lobendahn we held that, inasmuch as the statute created a 'status offense,' the subsequent invalidation of the predicate felony conviction did not affect the validity of the criminal possession charge[.]"); see also Lewis v. United States, 445 U.S. 55, 65 (1980) (holding that "[federal felon-in-possession statute] prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds").

Although Sorino argues that we should find that the Hawai'i Supreme Court's decision in Lobendahn is not controlling,

---

³/(...continued)
convictions and his ten-year sentences, it did require overturning his mandatory minimum sentences as a repeat offender. The Circuit Court granted Sorino's HRPP Rule 40 petition in part by vacating his mandatory minimum sentences. This aspect of the Circuit Court's ruling is not in issue in this appeal.

he provides no legitimate basis on which to distinguish Lobendahn. As in Lobendahn, Sorino's status was that of a convicted felon at the time he possessed the firearm and ammunition that resulted in his felon-in-possession convictions. The invalidation of Sorino's predicate felony conviction for terroristic threatening after he was charged with possessing the firearm and ammunition did not affect the validity of his felon-in-possession convictions.

III.

We affirm the HRPP Rule 40 Order entered by the Circuit Court on September 21, 2010.

DATED: Honolulu, Hawai'i, November 29, 2011.

On the briefs:

Shawn A. Luiz
for Petitioner-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge